UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MCKINLEY MARCUS,

    Plaintiff,
v.                                                  Case No. 8:22-cv-1135-WFJ-AAS

TITAN AMERICA, LLC and
TITAN FLORIDA, LLC,

    Defendants.
_____/

## ORDER DISMISSING COUNT IX WITHOUT PREJUDICE

Before the Court is Plaintiff's motion to dismiss Count IX (Dkt. 89), and Defendants' response (Dkt. 91). After careful consideration of the submissions of the parties and the entire file, the Court dismisses Count IX of the Second Amended Complaint without prejudice.

When this action was removed from state court in May 2022, the only named Defendant was Titan America, LLC. Dkt. 1. The state court complaint alleged a claim for retaliatory discharge under the Florida Workers' Compensation Act, section 440.205, Florida Statutes. Dkt. 1-3. In September 2022, Plaintiff added Titan Florida as a party defendant in this federal action, without objection from Defendants. In the Second Amended Complaint, Plaintiff brings a claim against Defendant Titan Florida for retaliatory discharge under the Florida workers' compensation statute. Dkt. 29 at 19–21 (Count IX).

Pursuant to the parties' written stipulation, this Court remanded only Count I against Defendant Titan America. Dkt. 75 (endorsed order as to Count I). The Court did not address Count IX against Titan Florida. Titan Florida was not a party when this case was removed.

This cause is now before this Court on an expedited basis because Plaintiff asserts the statute of limitations will run on the retaliation claim on October 8, 2023. Although Plaintiff recently attempted to amend the remanded state court claim against Titan America (Count I) to add a retaliatory discharge claim against Titan Florida, (Dkts. 89-3, 89-4), Defendant Titan America opposed the motion. Titan America noted that the retaliation claim is still pending before this Court. Dkt. 89-1.

Even if Titan Florida had been a party at the time of removal, under the removal statute, "a civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Indeed, where a removed action includes "a claim that has been made nonremovable by statute," the district court "shall sever" the nonremovable claim and remand the claim to the state court from which it was removed." 28 U.S.C. § 1441(c)(1)(B) and (2). The Eleventh Circuit has held that removed workers' compensation claims must be remanded to state court because the federal court lacks subject matter jurisdiction to resolve them. *See Reed v. Heil*

*Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000); *Alansari v. Tropic Star Seafood, Inc.*, 388 F. App'x 902, 906–06 (11th Cir. 2010) (unpublished opinion).[1]

Taking all these considerations into account, the Court grants Plaintiff's motion to dismiss Count IX (Dkt. 89). Count IX of the Second Amended Complaint is hereby dismissed without prejudice.

**DONE AND ORDERED** at Tampa, Florida, on October 6, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of record

---

[1] *See also Session v. Deloach*, No. 3:23-cv-170-MMH-PDB, 2023 WL 2139274, at *1 (M.D. Fla. Feb. 21, 2023) (citing *Reed* and *Alansari*); *Canalejo v. Great Expressions Specialty of Fla., P.A.*, No. 8:14-cv-17-T-26MAP, 2024 WL 12639969, at *1 (M.D. Fla. Jan. 16, 2014) (citing *Reed* and *Alansari*).